UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEVIN ANTHONY MOORE,

    Plaintiff,

v.                                            Case No. 3:20cv5725-MCR-HTC

JUDGE C. KINSEY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's *pro se* amended civil rights complaint seeking to assert claims under 42 U.S.C. § 1983, alleging Defendant City of Pensacola Police Officer Brown violated his Fourth Amendment rights when Brown conducted a traffic stop of him for running a red light, which led to the discovery of controlled substances and a felony charge and conviction. ECF Doc. 1. Upon screening the amended complaint under 28 U.S.C. § 1915(e)[1], the Court finds the facts as presented fail to establish (1) this Court's jurisdiction or (2) a viable claim for relief. Because Plaintiff has already been given an opportunity to amend his complaint, the undersigned finds that an additional opportunity to amend would

---

[1] *See Atamian v. Burns*, 236 F. App'x 753, 754 (3rd Cir. 2007) ("the provisions of § 1915(e) apply to all *in forma pauperis* complaints, not simply those filed by prisoners").

be futile. Thus, for the reasons set forth below, the undersigned recommends this action be dismissed for failure to state a claim.

I.  **THE AMENDED COMPLAINT**

Plaintiff initiated this action by filing an original complaint naming four (4) defendants: Circuit Court Judges C. Kinsey and Kerra Smith, Public Defender Nicole Latour (Plaintiff's attorney during the events alleged in the complaint), and Pensacola Police Officer Brendan Brown. ECF Doc. 1 at 2-3. After screening the complaint, the undersigned warned Plaintiff that his complaint was deficient because the named judges were absolutely immune from liability and the public defender is not a state actor. The Court also warned Plaintiff that his claims appear to arise out of either a pending State criminal matter or a conviction, which this Court lacks jurisdiction to consider. Namely, the events complained of arise out of Plaintiff's felony criminal case, Case No. 2019-CF-4925, pending in Escambia County and a traffic infraction, 2019 TR 18908.

The undersigned, nonetheless, allowed Plaintiff an opportunity to amend his complaint to state a cause of action and this Court's jurisdiction, if he could do so in good faith. Plaintiff has filed an amended complaint naming one single defendant,

Pensacola Police Officer Brendan Brown.[2]  ECF Doc. 5 at 3.  The crux of the amended complaint, however, has not changed.  Plaintiff continues to complain about events that gave rise to a felony criminal case and traffic infraction.  The amended complaint sets forth the following factual allegations, the truth of which is accepted for purposes of this order.

Plaintiff was traveling in a vehicle towards Gasden Highway when he observed two police vehicles parked side by side on Gadsden and Davis.  Both vehicles were facing West.  One of the officers, Officer Brown was outside his vehicle searching the car of Plaintiff's neighbor.  Plaintiff was stopped at the light at Davis and Cervantes and was watching Officer Brown, who was on the passenger side of Plaintiff's review mirror.  Plaintiff observed Officer Brown on the sidewalk looking in the neighbor's car with a flashlight.

The traffic light turned green and Plaintiff turned left on Cervantes, heading West.  Plaintiff then turned right on Haynes to get on I-10.  At that time, Officer Brown pulled Plaintiff over and said that Plaintiff ran a red light.

---

[2] Although the case style includes "City of Pensacola Police Dept.," Plaintiff identifies only Officer Brown in the "Parties" section of the amended complaint.  Additionally, because Plaintiff identifies Brown as "Pensacola Police Dept. Brendan, Officer Brown" – it appears to the undersigned that Plaintiff the only defendant Plaintiff intended to name is Brown.  Indeed, the allegations in the amended complaint relate solely to Brown's conduct.

Case No. 3:20cv5725-MCR-HTC

A hearing was held on the traffic ticket on November 1, 2019, wherein Officer Brown indicate the infraction resulted in a felony stop and that Officer Brown did not have the video. ECF Doc. 5 at 6. Thus, the hearing was continued.

According to Plaintiff, before a suppression hearing (in the felony criminal case), he viewed the video with his attorney and told her the video had been altered and the events reenacted. Plaintiff contends that at the suppression hearing, Officer Brown "was not sworn in to show or orchestrate the events of the video," and that Officer Brown left the courtroom. *Id.*

Plaintiff then describes in his amended complaint how Officer Brown reenacted the video and that the reenacted video shows Plaintiff "continuing moveing (sic) not stopped at the light." *Id.* at 7. Nonetheless, Plaintiff contends Officer Brown was not watching him or observing him at the light and that Plaintiff's attorney told him that under the law it is necessary for Officer Brown to have actually observed Plaintiff running the red light. Plaintiff contends, however, that this was not possible because Officer Brown's back was turned to the light.

Plaintiff confronted Officer Brown about the video being altered on January 19, 2020 outside the courtroom. Plaintiff contends that Officer Brown told Judge Smith he wanted to dismiss the case but asked "would it effect the felony case." *Id.* at 8. Plaintiff contends the "alter event" misled Judge Smith and that the video was shown only once and that Officer Brown "wouldn't' show it again." *Id.* According

to Plaintiff, Officer Brown's misconduct violated his due process and Fourth Amendment rights. Plaintiff references the fruit-of-the-poisonous-tree doctrine, tampering with evidence and a probable cause violation.

Finally, Plaintiff states that he took a plea deal on September 2 so that "this court can move forward." ECF Doc. 5 at 9. As relief, Plaintiff seeks court fee, fines and $100,000 punitive damage for the "stress and all cost of this misconduct." *Id.* at 9.

## II.     LEGAL STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it determines it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read Plaintiff's *pro se* allegations in a liberal fashion. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).

## III.    DISCUSSION

While not entirely clear, reading Plaintiff's complaint liberally, it appears that Plaintiff is attempting to allege a Fourth Amendment claim based on an alleged illegal stop and an alleged altered video. As this Court previously determined and

as stated above, the complained-of traffic stop resulted in a felony criminal case being filed against Plaintiff in the Circuit Court of Escambia County, Case No.: 2019 CF 4925, where Plaintiff was charged with Possession of Cocaine, Possession of Marijuana, and Possession of Drug Equipment.  Plaintiff was also separately charged with a traffic infraction, 2019 TR 18908 for running the red light.

Thus, as an initial matter and before discussing the basis for dismissing this action, the undersigned finds it appropriate to take judicial notice of the online dockets in Case No. 2019 CF 4925 and 2019 TR 18908, as well as the documents and pleadings filed in those matters.  *See Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649 (11th Cir. 2020) (recognizing that it is appropriate for federal courts to take judicial notice of state court dockets and filings).  "The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."  *See* Fed. R. Evid. 201; *see e.g., United States v. Berrojo*, 628 F.3d 368, 369 (5th Cir. 1980).

As those dockets show, Plaintiff has been adjudicated guilty and sentenced in the felony criminal case and was also found guilty of the traffic infraction.  The online dockets for these cases can be found at: Case No.:  2019 CF 4925, https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/Details/2533296?digest=5WKZ8%2F2gCLPDtpapFAzHpg; and Case No.:  2019 TR 18908,

https://public.escambiaclerk.com/BMWebLatest/CourtCase.aspx/Details/2534223?digest=QkuLt0gs5tUSyefd6Qm9Ng.

## A. Lack of Jurisdiction

In the Court's prior amend order, the Court warned Plaintiff that his claims were subject to dismissal under the *Younger* abstention doctrine, which directs that a federal court to abstain from entertaining a case that could interfere with a pending state proceeding. *See Younger v. Harris,* 401 U.S. 37, 53 (1971). The fact that Plaintiff has since pled guilty and has been adjudicated guilty and sentenced in the criminal case does not mean that *Younger* no longer applies.

In determining whether abstention under *Younger* is warranted, a court must consider three factors: (1) whether there is an ongoing state judicial proceeding, (2) whether the proceeding implicates important state interests, and (3) whether there is an adequate opportunity to raise constitutional challenges in the state proceeding. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). In this case all three factors are met.

First, Plaintiff's criminal case remains ongoing because his time for appeal has not run. Specifically, Plaintiff's judgment and sentence were entered on September 29, 2020, and he has thirty (30) days to file a direct appeal to the First District Court of Appeal. Fla. R. App. P. 9.110(b). Second, the criminal proceeding implicates important state interests, namely the conduct of city and state officers and

prosecuting offenses conducted within the state. Finally, Plaintiff has an adequate opportunity to raise the constitutional challenges he raises here in a direct appeal. Thus, the undersigned recommends dismissal of this action under *Younger*.

Even if the *Younger* doctrine was not applicable, as this Court advised Plaintiff in the Court's prior amend order, Plaintiff's claims are nonetheless barred by *Heck v. Humphrey*[3] and the *Rooker-Feldman* doctrine.[4] Even though Plaintiff is not specifically seeking to have this Court reverse Plaintiff's judgment or sentence in his criminal or traffic case, the Plaintiff is nonetheless asking for relief from this Court, which, if granted, would undermine or call into question the decisions in the criminal case.

Plaintiff filed a motion to suppress in the criminal case on December 11, 2019, and the court held a hearing on the motion in January 2020. In Plaintiff's motion to suppress, his counsel argued that the video shows the car had already entered the intersection when the light turned red. Plaintiff argued he did not commit a traffic violation and police had no reasonable, articulable suspicion for stopping the car. Plaintiff contended the evidence—i.e., the controlled substances—obtained as a result of the search occurring after the traffic stop must be suppressed. *See* Motion

---

[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).
[4] The *Rooker-Feldman* doctrine "is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments". *See Alvarez v. Att'y Gen. for Fla.*, 679 F.3d 1257, 1262 (11th Cir. 2012).

Case No. 3:20cv5725-MCR-HTC

to Suppress, 2019 CF 4925. The circuit court judge, Judge Kinsey, however, disagreed and denied the motion to dismiss in open court without a written order.

Similarly, a hearing was held on January 29, 2020 in the traffic case before Judge Smith. In the hearing notes, Judge Smith indicates that a video of the traffic light was played by the detective, "showing the defendant turning on red," and that the defendant showed his own cellphone video of the light taken a week later." As stated above, Judge Smith found Plaintiff guilty of the traffic infraction. (It appears based on Plaintiff's reference to Judge Smith, that the hearing he discusses in his amended complaint is this one held on January 29, even though Plaintiff references the date as January 19.).

In Plaintiff's amended complaint, Plaintiff once again, *albeit* on different grounds, argues there was no basis for the stop and specifically references the fruit-of-the-poisonous-tree doctrine, which pertains to the exclusion of evidence obtained from an illegal search and seizure. Thus, if this Court were to grant Plaintiff relief, it would necessarily have to conclude, contrary to Judge Kinsey's and Judge Smith's determinations, that Officer Brown had no basis to stop Plaintiff for running the red light.

However, as this Court previously instructed Plaintiff, he is barred under the *Rooker-Feldman* doctrine from using this Court as an avenue to appeal a state court's ruling. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers

Case 3:20-cv-05725-MCR-HTC    Document 6    Filed 10/12/20    Page 10 of 13

Page 10 of 13

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284.

Likewise, and, again, as this Court previously instructed Plaintiff in the prior amend order, such relief would also be barred by *Heck v. Humphrey, supra*. In that case, the Supreme Court held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.[5] A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it

---

[5] Although the Court recognizes that Plaintiff may not be able to file a federal habeas petition because it does not appear that he is "in custody," *Heck* still applies if Plaintiff could have appealed any state court conviction he now seeks to either explicitly or implicitly invalidate. *See Vickers v. Donahue*, 137 F. App'x 285, 290 (11th Cir. 2005).

Case No. 3:20cv5725-MCR-HTC

would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck*, 512 U.S. at 486-87.

There is no dispute that Plaintiff's judgment and sentence in the criminal and traffic cases have not been set aside.  Additionally, Plaintiff seeks a determination by the Court that Officer Brown "violated [Plaintiff's] probable cause tamper with evidence violated due process which violates fourth amendment upheld by fruit from the poisonous tree."  ECF Doc. 5 at 9.  Thus, for the Court to make those determinations and find that Plaintiff is entitled to $100,000 damages "from the stress" and "misconduct," the Court would necessarily have to conclude that the state court convictions were wrongly decided.  Therefore, this Court lacks jurisdiction over this action.

### B.    Failure to State a Claim

Finally, even if the Court were to find that it has jurisdiction over Plaintiff's claims, Plaintiff has not stated a valid cause of action against Officer Brown under the Fourth Amendment.

Under 42 U.S.C. §1983, an individual who has been deprived of a right guaranteed to him by the Constitution or laws of the United States under color of state law has a right to seek appropriate relief in a United States District Court. The Fourth Amendment provides "the right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no warrants

shall issue, but upon probable cause, supported by Oath or affirmation . . . ." U.S. Const. amend. IV.

To state such a cause of action under the Fourth Amendment, Plaintiff must allege facts supporting the following elements: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kesler*, 323 F.3d 872, 881-82 (11th Cir. 2003) (citations omitted); *see also, e.g., Grider v. City of Auburn*, 618 F.3d 1240, 1256 (11th Cir. 2010).

Plaintiff, however, has not alleged facts to support those elements, and cannot do so, because neither the criminal case nor the traffic case, arising from the alleged illegal stop were terminated in Plaintiff's favor. To the contrary, as Plaintiff admits, he pled guilty in the criminal case. Plaintiff was also found guilty of the traffic infraction and sentenced to $500 in fines and a driver improvement course in the traffic case. Thus, the undersigned finds that Plaintiff has not (and cannot) allege an element of a Fourth Amendment claim.

### III.  CONCLUSION

For the reasons set forth above, the undersigned recommends that this case be dismissed. Additionally, Plaintiff has already been given an opportunity to amend

his claims to state a valid case of action and continues to fail to do so. Thus, the undersigned recommends dismissal rather than an additional opportunity to amend.

Accordingly, it is respectfully recommended that:

1. This action be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

2. The clerk be directed to close the file.

DONE AND ORDERED this 12th day of October, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this report and recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**

Case No. 3:20cv5725-MCR-HTC